UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ABDUL-AZIZ RASHID MUHAMMAD, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:15-cv-00228-JMS-MJD |
| A. RUPSKA Health Service Administrator (HSA), LCDR KIMBERLY KLINK FNP-BC/Assistant Health Service Administrator (AHSA), ASHLEY MATCHETT Physical Therapist (PT), LIEUTENANT CHRISTOPHER BLILA usphs, msn, fnp-c, HEATHER ATTERBURY Health Service Assistant (HSAssit), KAYLA MILLER Health Service Assistant (HSAssit), TIMOTHY TABOR PA-C, T. BAILEY Medical Doctor (MD), UNITED STATES OF AMERICA, | ) |
| Defendants. | ) |

**Entry Discussing United States' Motion for Summary Judgment**

Abdul-Aziz Rashid Muhammad ("Muhammad") claims that the United States is liable to him under the Federal Tort Claims Act ("FTCA") for failing to provide him appropriate medical care while he was incarcerated at the Federal Correctional Complex in Terre Haute, Indiana. The United States denies this claim and on October 12, 2016, filed a motion for summary judgment seeking dismissal of the FTCA claim on the basis Muhammad failed to exhaust his administrative remedies prior to filing this action. Muhammad was given an extended period of time to file a response. *See* dkt. 69. He did so on March 27, 2017. *See* dkt. 82. For the reasons explained below, the United States' motion for summary judgment, dkt. [60], is **granted** and the FTCA claims are dismissed.

## I. Standard of Review

The United States relies on a declaration outside the pleadings in support of its argument that the FTCA claim should be dismissed. Accordingly, the United States treated its request for dismissal as a motion for summary judgment and proceeding accordingly. *See* dkt 62 (notice of pro se litigant).

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011). "The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248).

## II. Undisputed Facts

On **March 16, 2015**, Muhammad filed an SF-95 "Claim for Damage, Injury, or Death" which was signed and dated by Muhammad on March 11, 2015. See Administrative Claim TRT-NCR-2015-03166, Docket No. 60-1 at p 4.

On **March 27, 2015**,[1] Muhammad filed an amendment to his tort claim. The amendment raised no new issues or allegations, but included attachments Muhammad forgot to attach to his original filings. *See* dkt. 60-1 at 17. In a letter dated April 28, 2015, the Bureau of Prisons, Office of Regional Counsel, specifically informed Muhammad that the agency had six months in which

---

[1] The United States' briefing states that Muhammad's amendment was filed on April 28, 2015. See 60-1 at p. 2. This discrepancy is not material.

to make a final deposition of his claim, such that a response to the amended administrative claim was not due until September 27, 2015 (six months from March 27, 2015). *Id.*

This civil action was filed on **July 27, 2015.**

Muhammad's Administrative Tort Claim was denied by the Agency on **August 5, 2015**. *See* dkt. 60-1 at 70, denial letter for Administrative Claim TRT-NCR-2015-06109.

### III. Discussion

The United States seeks dismissal of the FTCA claims raised in this action because Muhammad filed this action before receiving a final decision on his tort claim from the Bureau of Prisons. In response, Muhammad argues that the regional office almost never grants a prisoner any relief on a tort claim and for this reason exhaustion was unavailable. In addition he asserts that he is entitled to relief on the merits of his FTCA claims.

The FTCA constitutes a limited waiver of the United States' sovereign immunity and allows individuals to bring an action for damages against the federal government for "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1); *Warrum v. United States*, 427 F.3d 1048, 1049 (7th Cir. 2005). The FTCA requires exhaustion of administrative remedies before a claimant can institute legal action. Specifically, § 2675(a) states:

> **An action shall not be instituted** upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency** in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section.

28 U.S.C. § 2675 (emphasis added). Therefore, under § 2675, a legal action cannot be instituted until a claimant files a claim with the appropriate federal agency and that agency has finally denied

the claim or has not processed it within six months of the filing. *See Smoke Shop, LLC v. United States*, 761 F.3d 779, 786-87 (7th Cir. 2014) (affirming dismissal of FTCA claim based on plaintiff's failure to exhaust administrative remedies prior to filing FTCA action). This is true even if Muhammad did not expect the agency to provide him the Ten Million Dollars he sought in his tort claim.

There is no dispute that Muhammad filed his administrative tort claim notice on March 16, 2015, and that less than six months later and before the claim was denied by the agency, he filed this civil action on July 27, 2015. Under these circumstances, Muhammad's FTCA claim brought in this civil action is premature and shall be **dismissed without prejudice**.

## IV. Conclusion

The United States' Motion for Summary Judgment, dkt. [60], is **granted.** The **clerk is directed** to terminate the United States as a defendant on the docket.

This Entry does not resolve all claims against all parties. No partial final judgment shall issue at this time as to the claims resolved in this Entry.

**IT IS SO ORDERED.**

Date: 5/26/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

ABDUL-AZIZ RASHID MUHAMMAD
Reg. No. 20017-101
ROCHESTER FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 4000
ROCHESTER, MN 55903