UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ABDUL-AZIZ RASHID MUHAMMAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15-cv-00228-JMS-MJD |
| | ) | |
| A. RUPSKA Health Service Administrator | ) | |
| (HSA), LCDR KIMBERLY KLINK FNP- | ) | |
| BC/Assistant Health Service Administrator | ) | |
| (AHSA), ASHLEY MATCHETT Physical | ) | |
| Therapist (PT), LIEUTENANT | ) | |
| CHRISTOPHER BLILA usphs, msn, fnp-c, | ) | |
| HEATHER ATTERBURY Health Service | ) | |
| Assistant (HSAssit), KAYLA MILLER Health | ) | |
| Service Assistant (HSAssit), TIMOTHY | ) | |
| TABOR PA-C, | ) | |
| T. BAILEY Medical Doctor (MD), | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Denying Judgment as a Matter of Law on Exhaustion Defense**

Plaintiff Abdul-Aziz Rashid Muhammad sued Heather Atterbury and Kayla Miller ("the

defendants"), in their individual capacities pursuant to the theory recognized in *Bivens v. Six*

*Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). The plaintiff alleges that these

defendants were deliberately indifferent to his serious medical need for orthopedic shoes to treat

neuropathy and artery disease. The defendants now seek dismissal of this claim on the basis that

the plaintiff failed to exhaust his administrative remedies. *See* dkt [66]. The plaintiff responded on

January 17, 2017, dkt [70]. No reply was filed.

For the reasons explained below, the defendants' motion for summary judgment, dkt [65], is **denied** because the defendants did not meet their burden of proof by showing that the plaintiff failed to exhaust his available administrative remedies prior to filing this lawsuit.

## I. Discussion

### A. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P. 56(a)*.

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a). *See Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted). The Court must consider the issue of exhaustion before reaching the merits. *Perez v. Wis. Dep't of Corr.,* 182 F.3d 532, 536 (7th Cir. 1999) ("The statute [requiring administrative exhaustion] can function properly only if the judge resolves disputes about its application before turning to any other issue in the suit."). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

### B.  Undisputed Facts

The plaintiff filed his Complaint on July 27, 2015. The plaintiff has been housed at the Federal Correctional Institution (FCI) Petersburg, Florida, since August 27, 2015.

The plaintiff has been housed at FCC Terre Haute on more than one occasion, including the time period related to plaintiff's Complaint (from November 20, 2012, until October 21, 2013).

The Bureau of Prisons ("BOP") has promulgated an administrative remedy system which is codified in 28 C.F.R. § 542.10, *et seq.*, and BOP Program Statement 1330.18, Administrative Remedy Program. The administrative remedy process is a method by which an inmate may seek formal review of a complaint related to any aspect of his imprisonment. 28 C.F.R. § 542.10. To exhaust his remedies, an inmate must first file an informal remedy request through an appropriate institution staff member via a BP-8, prior to filing a formal administrative remedy request with the Warden, Regional Director, and General Counsel.

If the inmate is not satisfied with the informal remedy response (BP-8), he is required to address his complaint at the institutional level with the Warden via a BP-9 form. 28 U.S.C. § 542.14. If the inmate is dissatisfied with the Warden's response to his BP-9, he may appeal to the Regional Director via a BP-10. 28 C.F.R. § 542.15. If dissatisfied with the Regional Director's response, the inmate may appeal to the General Counsel/Central Office via a BP-11. 28 C.F.R. § 542.15. Once an inmate receives a response to his appeal from the General Counsel/Central Office, after filing administrative remedies at all required levels, his administrative remedies are deemed exhausted, as to the specific issue(s) properly raised therein.

All administrative remedy requests filed by inmates are logged and tracked in the SENTRY computer database, which is an electronic record keeping system utilized by the BOP. The

SENTRY database reflects that from the date the plaintiff arrived at FCI Terre Haute on November 20, 2012, through December 31, 2014, the plaintiff submitted a total of 60 administrative remedies. Only two of those remedies and their subsequent appeals are relevant to the claims alleged in this case.

### 1. Remedy Number 737084

On June 5, 2013, the plaintiff filed remedy number 737084-F1 (BP-9). Dkt. 65-1 at p. 9, ¶ 26. He wrote:

> Grievant is being denied "already prescribed medical treatment plan" prescribed by treating Physicians specializing in podiatry for a number of problems related to my feet. Based upon a fraudulent examination where my feet were only looked at, briefly touched on one side, without past medical records and/or documentation gained from physical testing and examinations by numerous doctors in various BOP facility's [sic], PT Matchett concluded that "I can see no justification for the need for these" (talking about medical shoes that I was already wearing being replaced) and PA Blila, without ever[] examining me or consulting my previous medical files (which were not here at that time) or the physicians who prescribed the medical shoes (as is required by BOP policy) ignoring the fact that I have Degenerative Joint Disease (DJD) at 1st MTP joint & superior talonvicular joint/posterior calc spur, neuropathy in feet, Peripheral Artery/Vascular Disease (PAD/PVD), venous stasis ulcers(s) in both feet and border line diabetic. The obdurate, arbitrary & capricious denial of my "already prescribed medical equipment (custom made shoes) which have been supplied each year despite the BOP institution that I am in is not only "deliberate medical indifference" to my serious medical needs, it subjects me to pain & suffering unnecessarily, so I aver and re-aver every factual averment averred in BP-8 & 9 as if fully incorporated herein by reference.

Dkt. 65-4 at p. 33 (Defendants' Exhibit 16, Remedy Packet for #737084). This remedy was denied with explanation and the plaintiff appealed through all steps of the grievance process regarding the denial of medical shoes. The plaintiff exhausted his issue regarding provision of medical shoes.

## 2. Remedy Number 751185

On September 25, 2013, the plaintiff filed another remedy seeking medical shoes. That remedy, identified as 751185-F1 (BP-9), was closed and denied on October 12, 2013. On October 17, 2013, the plaintiff appealed by filing remedy 751185-R1 (BP-10). The remedy was closed. On December 30, 2013, the plaintiff again appealed by filing remedy 751185-A1 (BP-11). The remedy was closed explaining "[w]e have reviewed the documentation related to your appeal. Based on this review, we have determined your appeal is repetitive with Regional Administrative Remedy Appeal Number 737084-Rl. In the absence of new information, our response remains firm." Dkt. 65-1 at ¶ 24.[1]

### C. Analysis

The defendants concede that the plaintiff exhausted his complaint regarding the provision of medical shoes; but argue that because there was no mention of Defendants Atterbury or Miller in the text of plaintiff's administrative remedy requests that the claims against them are barred by the PLRA's exhaustion requirement.

A primary purpose of the exhaustion requirement is to allow prison officials the time and opportunity to respond to complaints internally before an inmate starts litigation. *Smith v. Zachary*, 255 F.3d 446, 450–51 (7th Cir. 2001). "'[T]he primary purpose of a grievance is to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued.'" *Jones v. Bock*, 549 U.S. 199, 219 (2007) (quoting *Johnson v. Johnson,* 385 F.3d 503, 522 (5th Cir. 2004). The level of detail necessary in a grievance will vary from system to system and claim to

---

[1] The Court was unable to locate Remedy Packet for Remedy Number 751185 at Exhibit 18 as referenced in Melinda Caulton's declaration. Exhibit 18 appears to be associated with Remedy No. 752581.

claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones,* 549 U.S. at 218 (2007). Where the administrative policy is silent, "a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought." *Strong v. David,* 297 F.3d 646, 650 (7th Cir. 2002); *see also Wilder v. Sutton,* 310 Fed. Appx. 10, 15, 2009 WL 330531, *4 (7th Cir. 2009) ("[P]risoners must only put responsible persons on notice about the conditions about which they are complaining."). An offender "need not lay out the facts, articulate legal theories, or demand particular relief" so long as the grievance objects "intelligibly to some asserted shortcoming." *Strong,* 297 F.3d at 650. In this case, the defendants have not identified any portion of the grievance policy that suggests identifying the particular individual involved in the problem is necessary before that individual can be named as a defendant in a civil action.

For this reason, the plaintiff's grievances complaining that he had been denied medically necessary shoes was sufficient to put the prison on notice that the plaintiff was challenging the denial of orthopedic shoes. Accordingly, the defendants' claim that the plaintiff's grievance was insufficient to exhaust the medical care claims brought against them in this action is rejected.

## II. Conclusion

Based on the evidence presented, the defendants have failed to meet their burden of proving that the plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit. The undisputed record reflects that the plaintiff did in fact exhaust his administrative remedies regarding his claim for orthopedic shoes, and thus there are no factual disputes to resolve at a *Pavey* hearing. Accordingly, the defendants' motion for summary judgment, dkt. [65] is **DENIED** and the affirmative defense of failure to exhaust administrative remedies is **REJECTED.**

The claims against Heather Atterbury and Kayla Miller shall proceed to the merits.[2]

**IT IS SO ORDERED.**

EGOV

Date: 6/26/2017

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Carol A. Dillon
BLEEKE DILLON CRANDALL, P.C.
carol@bleekedilloncrandall.com

ABDUL-AZIZ RASHID MUHAMMAD
20017-101
ROCHESTER - FMC
ROCHESTER FEDERAL MEDICAL CENTER
Inmate Mail/Parcels
P.O. BOX 4000
ROCHESTER, MN 55903

Jonathan A. Bont
UNITED STATES ATTORNEY'S OFFICE
jonathan.bont@usdoj.gov

---

[2] The defendants' assertion that they are entitled to summary judgment on the basis that they lacked sufficient personal involvement in the misconduct alleged is an issue outside the scope of the affirmative defense of exhaustion.